THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES GERSH, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NORMAN CLARK, Appellant.— Appeals from judgments of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellants of petit larceny, and from the sentences imposed. Judgments reversed on the law, information dismissed and bail exonerated. The findings of fact are affirmed. No separate appeals lie from the sentences, which have been reviewed on the appeals from the judgments of conviction. In our opinion, the proof was not sufficient to establish beyond a reasonable doubt the appellants' guilt of the crime charged. Nolan, P. J., Beldock and Ughetta, JJ., concur; Murphy, J., concurs in the reversal of the judgment of conviction and the dismissal of the information as to appellant Clark, but dissents as to the reversal of the judgment of conviction and the dismissal of the information as to appellant Gersh and as to said appellant votes to affirm the judgment. Wenzel, J., dissents and votes to affirm the judgments of conviction, with the following memorandum: The appellants herein are respectively the president and the repair shop manager of A C A Auto Sales & Service, Inc., a corporation which had a franchise to tow disabled cars from the West Side Highway in Manhattan. Thus they came into possession of complainant's car which they agreed to repair for the sum of $700. The estimate made by appellant Clark indicated that approximately $450 of that amount constituted the cost of new parts to be supplied and bore the legend, printed in capital letters, "We reserve the right to repair or replace with used parts any parts for the above job which are not available." The car in question was a 1953 Oldsmobile, and the repairs were made in May of 1954. At the time of the redelivery of the car to the owner, appellant Gersh was given a check for $700 on his certification that the "job" was done "as agreed." Nothing was said about, nor was allowance made, for used parts instead of new, for repairs instead of replacements, nor for work not done. In this motor age it does not require expert testimony for the court to find that it is easier to get new parts for a car approximately a year old than for a more ancient model, and, conversely, that it is more difficult to secure "used parts" under such circumstances. It may also be assumed that the owner of a comparatively new car does not anticipate the use of material from a "salvage

yard" in the repair of his car. Appellants showed no real effort to obtain new parts but made inquiry only of a Chevrolet agency for parts for the Oldsmobile car. This conduct of appellants the court could and did find constituted larceny by "false and fraudulent representations and pretenses" as charged in the information.